UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR VERNELL THOMPSON,

      Petitioner,               Case Number 2:21-CV-12619
                                      HONORABLE DENISE PAGE HOOD

v.

MIKE BROWN,

      Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) GRANTING THE MOTION TO AMEND OR SUPPLEMENT PETITIONER'S BRIEF (ECF No. 10), (3) DENYING THE MOTION TO REMAND BACK FOR RESENTENCING (ECF No. 11), (4) DENYING A CERTIFICATE OF APPEALABILITY, AND (5) GRANTING LEAVE TO APPEAL _IN FORMA PAUPERIS_**

Arthur Vernell Thompson, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and for being a habitual offender, Mich. Comp. Laws § 769.12. Respondent filed a motion to dismiss the petition (ECF No. 17) on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner submitted a reply. (ECF No. 19). For the reasons stated below, the petition for a writ of habeas corpus is summarily

1

dismissed with prejudice pursuant to 28 U.S.C. § 2244 (d)(1).  Petitioner's motion to amend his brief is granted.  The motion to remand for resentencing is denied.

## I.  BACKGROUND

Petitioner was convicted following a trial in the Wayne County Circuit Court.  Direct review of petitioner's conviction ended in the state courts on November 25, 2013, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Thompson*, 495 Mich. 901, 839 N.W.2d 480 (2013).

Petitioner filed a motion for a new trial through counsel on November 4, 2014. (ECF No. 18-1).  The judge dismissed the motion for a new trial because it was not the appropriate vehicle for seeking post-conviction relief under Michigan law.  The judge informed petitioner that if he wanted to seek post-conviction relief, he needed to file a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq. People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, Nov. 20, 2014)(ECF 18-8). Years later, petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was rejected as untimely. *People v. Thompson,* No. 346297

(Mich. Ct. App. Nov. 13, 2018)(ECF No. 18-27, PageID.1498).  Petitioner did not appeal to the Michigan Supreme Court.[1]

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on May 15, 2015. (ECF No. 18-9).  The trial judge denied the motion on August 19, 2015. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, Aug. 19, 2015)(ECF 18-10).  Petitioner did not appeal the denial of his post-conviction motion to the Michigan Court of Appeals or the Michigan Supreme Court. (ECF No. 17, PageID.271).

Petitioner filed a second motion for relief from judgment on March 9, 2016. (ECF No. 11).  The judge denied the motion because M.C.R. 6.502(G) prohibits the filing of a successive post-conviction motion unless there is newly discovered evidence or a retroactive change in the law and petitioner failed to show that any of his claims fell within either exception. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, June 30, 2016)(ECF 18-12).  Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which denied the application because petitioner failed to establish that the trial court erred in denying the motion for relief for

---

[1] Respondent argues in his motion that petitioner failed to appeal several of his post-conviction motions, either to the Michigan Court of Appeals or the Michigan Supreme Court. This Court verified this by going on WestlawNext, www.1.next.westlaw.com, and the Michigan Court of Appeals' website, https://www.courts.michigan.gov/.  These public records are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

judgment. *People v. Thompson,* No. 336334 (Mich. Ct. App. Apr. 18, 2017)(ECF No. 18-24, PageID.1295).  Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. (ECF No. 17, PageID.271).

Petitioner filed a third motion for relief from judgment on October 1, 2016. (ECF No. 14). The judge denied the motion pursuant to M.C.R. 6.502(G) as an improperly filed successive motion for relief from judgment. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, Apr. 4, 2017)(ECF 18-15).  The Michigan Court of Appeals denied petitioner leave to appeal pursuant to M.C.R. 6.502(G). *People v. Thompson,* No. 339098 (Mich. Ct. App. Aug. 8, 2017)(ECF No. 18-25, PageID.18-25, PageID.1344). Petitioner did not seek leave to appeal to the Michigan Supreme Court.

Petitioner filed a fourth post-conviction motion for relief from judgment on October 31, 2017. (ECF No. 18-1, PageID.291).  The judge denied the motion pursuant to M.C.R. 6.502(G) as an improperly filed successive motion for relief from judgment. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, Mar. 16, 2018); *reconsideration den.* No. 10-012383-01-FH (Wayne County Circuit Court, July 11, 2018)(ECF 18-17). The Michigan Court of Appeals denied petitioner leave to appeal pursuant to

4

M.C.R. 6.502(G). *People v. Thompson,* No. 343553 (Mich. Ct. App. May 29, 2018)(ECF No. 18-26, PageID.1443); *reconsideration den*.   No. 343553 (Mich. Ct. App. July 11, 2018)(*Id.*, PageID.1436). Petitioner did not seek leave to appeal to the Michigan Supreme Court.

In 2020, petitioner filed a state petition for a writ of habeas corpus to challenge his conviction, which was denied. *Thompson v. Brown,* No. 20-16058-AH (Chippewa County Circuit Court, Aug. 3, 2020)(ECF No. 1, PageID.55-58).

Petitioner filed a fifth motion for relief from judgment on April 28, 2021. (ECF No. 18-18).  The judge denied the motion pursuant to M.C.R. 6.502(G) as an improperly filed successive motion for relief from judgment. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, May 25, 2021)(ECF 18-19).

Petitioner filed a sixth motion for relief from judgment on July 20, 2021. (ECF No. 20).  The judge denied the motion pursuant to M.C.R. 6.502(G) as an improperly filed successive motion for relief from judgment. *People v. Thompson,* No. 10-012383-01-FH (Wayne County Circuit Court, Jan. 5,

2022)(ECF 21).  On October 29, 2021, petitioner filed his habeas petition with this Court.[2]

## II.  DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *see also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at *1–2 (6th Cir. Jan. 8, 2019).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been

---

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on October 29, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

6

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009)*.*

On petitioner's direct appeal, the Michigan Supreme Court denied petitioner's application for leave to appeal on November 25, 2013.  However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment became final on February 23, 2014, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).  Absent state collateral review,

7

petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than February 23, 2015, in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed a motion for a new trial on November 6, 2014. The judge dismissed the motion on November 20, 2014, on the ground that the sole vehicle for seeking post-conviction relief in Michigan is by filing a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*

28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001).

M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit that is not subject to appellate

review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment.  Petitioner's sole post-conviction remedy to challenge his conviction was to file a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*  Petitioner's motion for a new trial would not toll the limitations period pursuant to 28 U.S.C. § 2244(D)(2) because it was not a properly filed post-conviction motion under Michigan law. *See e.g. Rideaux v. Perry*, No. 16-1458, 2017 WL 3404658, at *1 (6th Cir. Feb. 27, 2017)(motion to vacate sentence filed by Michigan prisoner did not toll limitations period pursuant to § 2244(D)(2) because M.C.R. 6.501 provides that the exclusive means of seeking post-conviction review in Michigan is filing a motion for relief from judgment).  The motion for a new trial thus did not toll the limitations period.

Petitioner filed his first post-conviction motion for relief from judgment with the state courts on May 15, 2015, after the one year limitations period expired on February 23, 2015.  A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002); *see also Smith v. Meko*,

709 F. App'x 341, 345 (6th Cir. 2017)(limitations period was not tolled by his state collateral attack that was filed after AEDPA one-year limitations expired.).  Petitioner's second through sixth post-conviction motions for relief from judgment, and state habeas petition,[3] which were also filed in the state court after the expiration of the limitations period, likewise did not toll the limitations period. *See Parker v. Renico,* 105 F. App'x 16, 18 (6th Cir. 2004).

Petitioner's second through sixth motions for relief from judgment would not toll the limitations period for a second reason.

The Sixth Circuit has ruled that a habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts pursuant to M.C.R. 6.502(G), as petitioner's subsequent post-conviction motions were, does not qualify as a properly filed application for post-conviction relief that tolls the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F.3d 729, 733 (6th Cir. 2012).  The

---

[3] There is some question whether the petition for a writ of habeas corpus that petitioner filed with the state court would qualify as a properly filed application for post-conviction relief that would toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2).  Judges in this district in unpublished opinions have reached opposing conclusions as to whether a state petition for a writ of habeas corpus is a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *Compare Jenkins v. Tribley,* No. 11-14204; 2012 WL 995394, *3-4 (E.D. Mich. Mar. 22, 2012)(state habeas petition can toll the limitations period pursuant to § 2244(d)(2), at least where the petitioner alleged a jurisdictional defect); *Powell v. McKee*, No. 10–12866, 2011 WL 1344581, *4 (E.D. Mich. Apr. 8, 2011)(state habeas petition does not toll the period of limitations under 28 U.S.C. § 2244(d)(2)); *Northrop v. Wolfenbarger*, No. 06–CV–13081, 2008 WL 564941, *2 (E.D. Mich. Feb. 28, 2008) (same); *Javens v. Caruso*, No. 07–CV–10175, 2007 WL 2516827, *2 (E.D. Mich. Aug. 31, 2007)(same).  It is unnecessary to resolve this dispute because petitioner filed his state habeas petition after the one year limitations period expired.

Sixth Circuit has also ruled that appeals from the denial of a successive motion for relief from judgment likewise do not toll the limitations period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013).

A federal court must defer to state courts on issues of state law and procedure.  As such, this Court must defer to the state courts' finding that the claims raised by petitioner in his second through sixth post-conviction motions for relief from judgment did not come within one of the exceptions under M.C.R. 6.502(G) that would allow the filing of such a motion. *See Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003). A state court's determination whether a habeas petitioner's post-conviction motion was properly filed governs whether a petitioner's post-conviction motion action tolls the statute of limitations under § 2244(d)(2). *Id.*  Petitioner's subsequent post-conviction motions for relief from judgment did not toll the limitations period.

The Court recognizes that petitioner claims that he has newly discovered evidence of a police report filed by Officer Andrew Ballard of the Dearborn Police Department, which he claims the prosecutor withheld from evidence at his trial. Petitioner claims that this suppressed police report would call into question Officer Michael McNamara's report and testimony that he and his partner were dispatched to the area of Dix and Canterbury

Streets in Dearborn, Michigan, regarding a suspicious black male who was checking doors on homes.  Officer McNamara further indicates that petitioner was located in the area of Ferney and Morningside Streets, where the officers set up a surveillance and watched petitioner knock on several doors in the area.  The officers eventually saw petitioner breaking into the victim's house. Petitioner claims that Officer Ballard's report would show that the police had no basis to engage in surveillance of petitioner, that the police engaged in racial profiling, and that the Wayne County Prosecutor lacked probable cause to issue a warrant and charge petitioner with home invasion. Petitioner argues that the prosecutor suppressed Officer Ballard's report in violation of *Brady v. Maryland,* 373 U.S. 83, 87 (1963), which requires the prosecutor to turn over exculpatory evidence to the defense.  (ECF No. 19, PageID.1532-38).

Under 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005).  This time commences under § 2244(d)(1)(D) when the factual predicate for a claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given

petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). The time period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id.* Significantly, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772. A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002). Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730

F.3d 537, 547 (6th Cir. 2013)(quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

The commencement of the statute of limitations was not delayed by the alleged later discovery of Officer Ballard's report, because Officer Ballard's report does not provide a basis for a viable claim under *Brady.*

It is true that suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady's* requirement that a prosecutor disclose material exculpatory information to a defendant, however, does not apply to the warrant application process. *See Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998). "Because the consequences of arrest or search are less severe and easier to remedy than the consequences of an adverse criminal verdict, a duty to disclose potentially exculpatory information appropriate in the setting of a trial to protect the due process rights of the accused is less compelling in the context of an application for a warrant." *Id.,* at 816.

Officer Ballard's police report does not establish a *Brady* violation because it does not exculpate petitioner and thus does not delay the running of the limitations period; the report would not undermine confidence in the

verdict or lead to a different result. *See e.g. Whalen v. Randle,* 37 F. App'x 113, 119 (6th Cir. 2002)(commencement of limitations period was not delayed until habeas petitioner's alleged discovery of factual predicate for actual innocence claim upon discovery of police report identifying potential witnesses of whom petitioner was aware at time of trial, absent evidence that report contained new or suppressed evidence that would have produced different verdict and would have established a *Brady* violation).

To the extent that petitioner is raising a Fourth Amendment challenge to his conviction, his claim is non-cognizable on habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was

correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).

Petitioner's *Brady* claim is itself barred by the *Stone v. Powell* doctrine because it essentially involves a Fourth Amendment attack on the validity of petitioner's search and arrest. *See O'Quinn v. Estelle,* 574 F.2d 1208, 1209-10 (5th Cir. 1978)(petitioner's claim that prosecution failed to disclose exculpatory information, which involves due process guaranty of a fair trial, was part of petitioner's Fourth Amendment claim, since exculpatory information would eventually be used to attack the search warrant)*; see also Simpson v. Kreiger,* 565 F.2d 390, 392 (6th Cir. 1977)(refusal to disclose informant's identity did not deny petitioner a full and fair opportunity to litigate Fourth Amendment claims in state court).

Finally, even if this Court were to delay the running of the statute of limitations pursuant to § 2244(d)(1)(D), the petition is still untimely. Petitioner knew about the factual predicate of his claim when he filed his second post-conviction motion on March 9, 2016. After the trial judge denied the motion for relief from judgment, petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which denied the application on April 18, 2017. Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. Petitioner had fifty-six days to file an appeal in the

Michigan Supreme Court, the highest court in the State. *See* M.C.R. 7.305(C)(2)(a). Giving petitioner the benefit of the doubt, the statute of limitations began running on June 13, 3017, the last day on which petitioner could have filed a delayed application for leave to appeal with the Michigan Supreme Court. *See McMurray v. Scutt,* 136 F. App'x 815, 817 (6th Cir. 2005). Petitioner had until June 13, 2018, to timely file his habeas petition, assuming he would be entitled to extend the limitations period pursuant to § 2244(d)(1)(D). Because petitioner did not file his habeas petition until October 29, 2021, his petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims he is entitled to equitable tolling of the limitations period because the lawyer he hired to file his initial post-conviction motion did not re-file the motion for a new trial as a motion for relief from judgment after the judge dismissed the motion for a new trial and informed counsel

that his sole method of obtaining post-conviction relief was by filing a motion for relief from judgment.

There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *see also Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Petitioner would not be entitled to equitable tolling of the limitations period based upon counsel's failure to file a post-conviction motion with the state courts. As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado v. Burt,* 337 F.3d at 644 (quoting *Whalen v. Randle*, 37 F. App'x at 120). Moreover, because there is no constitutional right to the assistance of counsel in post-conviction proceedings, counsel's failure to file a post-conviction motion for relief from judgment on petitioner's behalf would not toll the statute of limitations. *Brown v. United States,* 20 F. App'x 373, 375 (6th Cir. 2001); *Cummings v. Yukins,* 197 F. Supp. 2d 785, 787 (E.D. Mich. 2002).

Petitioner is also not entitled to equitable tolling on this basis, because there is no evidence that post-conviction counsel's alleged conduct prevented petitioner from timely filing his habeas petition with this Court, considering that petitioner waited six years after the conclusion of his first post-conviction motion to file his habeas petition. *See Boyd v. Robinson,* 61 F. App'x 928, 930 (6th Cir. 2003). Although petitioner briefly indicates that

post-conviction counsel retained his legal documents for several years, post-conviction counsel's retention of petitioner's case file would not justify equitable tolling of the limitations period because there is no argument from petitioner how this prevented him from filing his habeas petition on time. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was

actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).  Petitioner does not argue that he did not enter into the victim's house.  Instead, petitioner argues that the police lacked probable cause to follow petitioner through the City of Dearborn and did so for racially motivated reasons. Petitioner also claims that the prosecutor lacked probable cause on this basis to charge him with a crime, because all of the evidence was the fruit of the allegedly unlawful arrest. An alleged violation of the Fourth Amendment does not establish a habeas petitioner's actual innocence. *See Dunning v. Morrison*, 58 F. App'x 628, 629 (6th Cir. 2003)(Federal prisoner did not set forth claim of actual innocence that might be cognizable under general habeas corpus statute by claiming Fourth Amendment violation).

Petitioner also appears to allude several times in his petition that the evidence was insufficient to convict because there was no evidence that he intended to assault the victim.  For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Any insufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations

period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d at 752.

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for a writ of habeas corpus.

The Court grants the motion to amend the brief. The motion to remand for re-sentencing is denied.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court denies petitioner a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner did not file his habeas petition within the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. ORDER

Accordingly, for the reasons set forth above,

22

IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion to appoint counsel (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the motion for leave to amend and supplement the brief (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the motion for remand for resentencing (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the motion to dismiss petition for writ of habeas corpus (ECF No. 17) is GRANTED for the same reasons as set forth above.

IT IS FURTHER ORDERED that the motion to expedite (ECF No. 22) is MOOT.

IT IS FURTHER ORDERED that the motion to dismiss respondent's motion to dismiss (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, but any leave to appeal *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that this petition for writ of habeas corpus

is deemed **CLOSED** on the docket.

**SO ORDERED.**


s/Denise Page Hood
Denise Page Hood
Dated:  September 29, 2023            United States District Judge