UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR VERNELL THOMPSON,

      Petitioner,

v.

MIKE BROWN,

      Respondent.

_____/

Civil No. 2:21-cv-12619
HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER DENYING THE MOTIONS FOR CONSOLIDATION, CURE WANT OF JURISDICTION (ECF Nos. 33, 36), FOR FORWARDING OF THE DISTRICT [COURT'S] RECORD (ECF No. 33, 35), FOR STAY TO AWAIT JUDGE (ECF No. 33, 36), FOR WANT OF JURISDICTION (ECF No. 33, 34), AND TO GRANT A CERTIFICATE OF APPEALABILITY. (ECF No, 33, 37)**

Arthur Vernell Thompson, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court summarily dismissed with prejudice the petition for a writ of habeas corpus, finding it to be time-barred by the statute of limitations contained in 28 U.S.C. § 2244 (d). *Thompson v. Brown*, No. 2:21-CV-12619, 2023 WL 6393868 (E.D. Mich. Sept. 29, 2023). The United States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability, affirming this Court's decision. *Thompson v. Miniard*, No. 23-1957, 2024 WL 4709938 (6th Cir. Apr. 5, 2024).

1

Petitioner has filed several post-judgment motions. For the reasons that follow, the motions are denied.

Petitioner filed two motions in which he asks this Court to consolidate this habeas case with a prisoner civil rights case that he filed prior to his habeas case, both which challenge the same home invasion conviction. (ECF Nos. 33 and 34).  That case was assigned to Judge Terrence G. Berg, who dismissed the civil rights action because Petitioner could not use 42 U.S.C. § 1983 to obtain either monetary damages or equitable relief unless or until his criminal conviction had been set aside. *Thompson v. McNamara*, No. 21-cv-11045, 2021 WL 2187086, *2 (E.D. Mich. May 28, 2021) (citing to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Judge Berg also dismissed the action against one of the defendants, an assistant prosecutor, because he was immune from suit for the actions he undertook in prosecuting Petitioner. *Id.*

Petitioner in his first two motions argues that this Court should have reassigned his habeas case to Judge Berg as a companion case to his civil rights case. He now asks this Court to consolidate his now closed habeas case with Judge Berg's now closed civil rights case and to forward the records in this case to Judge Berg.

2

Fed. R. Civ. P. 42 (a)(2) indicates that a district court may consolidate actions which "involve a common question of law or fact."

Under L.R. 83.11(b)(7)(A), companion cases are those cases in which it appears that:

(i) substantially similar evidence will be offered at trial; or

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence, or

(iii) they are Social Security cases filed by the same claimant.

The Court declines to consolidate Petitioner's habeas case with his civil rights case because both cases have been closed for several years. *See Martin v. Boyd*, No. 1:16-CV-2949-MHC, 2024 WL 5103777, at *1 (N.D. Ga. June 11, 2024); *see also Threatt v. Kitchen*, No. 91-CV-70336, 2015 WL 5608355, at *1, n. 1 (E.D. Mich. Sept. 24, 2015) (declining to consolidate this case with a case from the Western District of Michigan after both cases had been dismissed). The Court denies Petitioner's motions to consolidate.

Because the Court denies Petitioner's motion to consolidate, his motion asking for the forwarding of the district court record (ECF No. 35) is MOOT.  Likewise, his motion for a stay of the judge awaiting consolidation (ECF No. 36) is MOOT.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  The Court declines to issue a certificate of appealability because jurists of reason could not find debatable this Court's decision to decline to consolidate two closed cases.

The standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a

4

showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. This Court, nonetheless, declines to grant Plaintiff *in forma pauperis* to appeal because any appeal would be frivolous.

## **ORDER**

Based upon the foregoing, it is **ORDERED** that Petitioner's motions (ECF Nos. 33, 34, 35, 36, and 37) are **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: July 1, 2026

5